# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **TONYA L. SIMMONS** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 3:11-CV-440-CWR-LRA** |
| **TOBY TROWBRIDGE, SHERIFF;** <br> **SHERIFF RANDALL C. TUCKER** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Randall Tucker's motion for summary judgment, Docket No. 26. The Court, after reviewing the motion, briefs of the parties, and relevant law, finds that the motion must be GRANTED as a motion for partial summary judgment.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

On June 16, 2011, Tonya L. Simmons filed suit pro se against Toby Trowbridge, who was Sheriff of Madison County, Mississippi, at that time. On several occasions from 2006 to 2008, Simmons was housed at the Madison County Detention Center ("Detention Center") while awaiting trial on a charge of being a felon in possession of a firearm, and for a short period of time after she pled guilty to the charge. She alleges that the conditions of her confinement at the Detention Center from November 2006 to March 2007, October 2007 to May 2008, and September 8 to 11, 2008, violated her constitutional rights.[2] Docket No. 1, at 5; Docket No. 26-1; Docket No. 28, at 1.

Simmons filed her lawsuit in the United States District Court for the Northern District of

---

[1] As discussed on page 10 of this Order, one of Plaintiff's claims was not addressed in the motion for summary judgment. As such, the motion for summary judgment will be deemed a motion for partial summary judgment.

[2] Simmons acknowledges that her Complaint incorrectly states that she was housed at the Detention Center in October 2008. *See* Docket No. 28, at 1. She concedes that she last stayed at the Detention Center in September 2008, and that she was there for only a few days. *See id.* at 1-2.

Florida, where she is incarcerated at a federal prison in Tallahassee. The case was subsequently transferred to this Court on July 20, 2011, and Simmons filed a nearly identical Complaint in this Court on or about July 15, 2011, Docket No. 12.[3] Neither Complaint specifies whether she sued Sheriff Trowbridge in his individual or official capacity.

Simmons makes numerous allegations in her Complaint and later-filed documents. First, she alleges that while held at the Detention Center in 2006, she and four other openly gay inmates were housed together in what was called "the gay cell." Docket No. 1, at 5; Docket No. 12, at 5. She claims that male officers employed at the jail would often pass by the cell and ridicule her and the other inmates. Docket No. 1, at 5.

Second, Simmons alleges that during each of her stays at the Detention Center, she was exposed to foul-smelling black mold and mildew in the shower area. Docket No. 1, at 5; Docket No. 12, at 5. She claims that she experienced headaches, fatigue, Docket No. 28, at 2, and that she now has breathing problems that "cause[] [her] to use a pump," Docket No. 1, at 5.

Third, Simmons claims that while held at the Detention Center, she was not given her medication for high blood pressure—aspirin, potassium, a "blood pressure pill," and a "water pill"—until after making numerous sick call requests.[4] Docket No. 19, at 1. When she received

---

[3] Typically an "amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading . . . ." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). However, given Simmons' pro se status and her apparent intent to rely on factual allegations from both Complaints, this Order refers to both.

[4] Simmons did not include this allegation in either Complaint. However, she alleged these facts in her September 6, 2011, response to the Magistrate's Order requiring Simmons to "specifically state how defendant Trowbridge violated her constitutional rights," Docket No. 16, at 1. Docket No. 17, at 1. Simmons made these new allegations before Sheriff Trowbridge was served on October 24, 2011, Docket No. 24. The Court considers the allegation an amendment to the Complaint. *See Johnson v. Epps*, 479 F. App'x 583, 587-88 (5th Cir. 2012) (unpublished) (emphasizing that pro se plaintiff's pleadings should be liberally construed and noting pro se plaintiff's right to amend as a matter of course before a responsive pleading has been filed).

medication, she alleges that she did not receive it as often as needed for her condition. *Id.*

Fourth, Simmons asserts that the Detention Center violated the Constitution by providing inmates with "undergarments that had already been used by other inmates."[5] Docket No. 28, at 2. Such a practice, she argues, is unsanitary and "lead[s] to health problems." *Id.*

Simmons acknowledges that she did not report the mold and mildew issues to the Detention Center staff because she "fear[ed] retaliation" and "feared for [her] life." Docket No. 12, at 5. Similarly, she states that she did not file a complaint about not receiving her medication because she was "afraid for [her] safety." Docket No. 17, at 1.

Although the Complaint names only Sheriff Trowbridge as the Defendant, Simmons seeks sanctions against the "defendants" and "monetary damages for cruel and unusual punishment and the proper treatment" for her upper respiratory problems. Docket No. 1, at 7; *see also* Docket No. 12, at 7. In his Answer to the Complaint, Sheriff Trowbridge invokes qualified immunity and asserts numerous defenses, including the expiration of the limitations period under Mississippi Code Annotated § 15-1-49.

On March 23, 2012, Sheriff Randall Tucker filed a motion for summary judgment, declaring that he had been automatically substituted as the Defendant: "Sheriff Tucker has replaced Sheriff Trowbridge as Sheriff of Madison County, Mississippi. Under the provisions of Fed. R. Civ. P. 25(d), Sheriff Tucker has been automatically substituted as a defendant in this matter since the plaintiff has only sued Sheriff Trowbridge in his official capacity." Docket No. 26, at 1 n.1. Sheriff Tucker argues that most of Simmons' claims are barred by the applicable

---

[5] Simmons alleged these facts for the first time in response to Sheriff Tucker's motion for summary judgment in May 2012. Docket No. 28, at 2.

statute of limitations, and that Simmons cannot prove an Eighth Amendment violation based on her three-day stay at the Detention Center in September 2008. *Id.* at 2-3.

The motion for summary judgment was initially denied on the basis that Sheriff Trowbridge was sued in his individual capacity, and that, consequently, Sheriff Tucker had not been substituted as a defendant and did not have standing to move for summary judgment. After granting Sheriff Tucker's motion for reconsideration, the Court now considers the motion for summary judgment anew.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citation omitted). A fact is material if it is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. Fed. R. Civ. P. 56(c)(1). That evidence may include "documents, . . . affidavits or declarations, . . . or other materials."[6] *Id.* When evaluating a motion for

---

[6] In opposition to Sheriff Tucker's motion for summary judgment, Simmons did not attach summary judgment evidence such as affidavits or declarations. *See* Fed. R. Civ. P. 56(c)(1). Even though the parties have not conducted discovery in this matter, Simmons should have, at a minimum, attached her own affidavit or declaration stating relevant facts to support her Complaint and to oppose Sheriff Tucker's arguments. However, given Simmons' pro se status and the fact that her Complaint was signed under penalty of perjury, the Court considers the

4

summary judgment, a court refrains from making credibility determinations and weighing evidence. *Strong v. Dep't of Army,* 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).

### III. DISCUSSION

In her Complaint, though not explicitly stated, Simmons attempts to allege a sexual-orientation-based equal protection claim and claims for unconstitutional conditions of confinement against Toby Trowbridge, then-Sheriff of Madison County, Mississippi, pursuant to 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

Sheriff Tucker's motion for summary judgment presents three issues: (1) whether Sheriff Tucker has been substituted as Defendant in this § 1983 action, (2) whether Simmons' claims are timely, and if so, (3) whether Simmons' allegations amount to constitutional violations.

---

factual allegations in the Complaint as summary judgment evidence. *See Mitchell v. Cervantes*, 453 F. App'x 475, 477 (5th Cir. 2011) (unpublished) (stating that pro se plaintiff's verified complaint served as competent summary judgment evidence); Docket Nos. 1 and 12, at 7 (including in Complaint the following language, in accordance with 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct.").

The Court has also considered whether to exercise its discretion to give Simmons an opportunity to present summary judgment evidence pursuant to Rule 56(e)(1). In addition to reviewing Simmons' Complaint, the Court has reviewed the arguments and factual allegations included in Simmons' opposition briefs and correspondence, Docket Nos. 28, 30, 33, 36. Even if Simmons were allowed to discover and submit evidence to substantiate her factual allegations, as discussed herein, summary judgment would be appropriate because her allegations, if assumed to be true, are insufficient to rebut Sheriff Tucker's motion. Thus, summary judgment is appropriate at this time.

A. Has Sheriff Tucker been automatically substituted as Defendant?

"An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Therefore, if Simmons sued Sheriff Trowbridge in his official capacity, Sheriff Tucker became the Defendant in this action after he assumed the position of Sheriff of Madison County.

"Under § 1983, a claimant may sue a natural person in his individual capacity, his official capacity, or both." *Senu-Oke v. Jackson State Univ.*, 521 F. Supp. 2d 551, 556 (S.D. Miss. 2007). "Counties and county officials . . . are considered to be 'persons' under § 1983." *Myers v. Miss. Office of Capital Post-Conviction Counsel*, 720 F. Supp. 2d 773, 779 (S.D. Miss. 2010). When a complaint does not specify whether the defendant has been sued in his individual or official capacity, courts in the Fifth Circuit "look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued." *Senu-Oke*, 521 F. Supp. 2d at 556.

When considering a pro se plaintiff's claims, a court should liberally construe the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]hat liberality does not allow [the court] to conjure up unpled allegations." *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983).

Each of the *Senu-Oke* factors will be considered in turn.

With regard to the substance of Simmons' claims, "supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a sufficient causal connection between the supervisor's

wrongful conduct and the constitutional violation." *Burris v. Davis*, 642 F. Supp. 2d 573, 578 (S.D. Miss. 2009) (quotation marks and citation omitted). Notably, Simmons does not mention Sheriff Trowbridge's name or title in the Complaint's "Statement of Facts." Docket No. 12, at 5. Sheriff Trowbridge's name is included only in the caption and on page two of the Complaint, in the section requesting the name, official position, employer, and mailing address of the defendant. *Id.* at 1-2.

In response to a Court Order requiring Simmons to specify how Sheriff Trowbridge violated her constitutional rights, Simmons stated that while held at the Detention Center, she was under the supervision of Sheriff Trowbridge's officers. Docket No. 19. Simmons' omission of any allegation that Sheriff Trowbridge personally engaged in any wrongdoing suggests that she did not sue him in his individual capacity. In essence, she sued him because he employed the officers who worked at the Detention Center.

The relief that Simmons seeks includes sanctions against "the defendants" and "monetary damages for cruel and unusual punishment and the proper treatment" for her alleged upper respiratory issues. Docket No. 1, at 7; *see also* Docket No. 12, at 7. The form of the sanctions that Simmons requests is unclear. However, Simmons explicitly states that she is pursuing monetary damages.

A § 1983 plaintiff may seek damages against a county employee in his individual capacity. *See, e.g.*, *Bennett v. Pippin*, 74 F.3d 578, 581 (5th Cir. 1996) (affirming award of damages against sheriff individually). If a plaintiff sues a county sheriff in his official capacity, the action is treated as a suit against the county, *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996), and a county can be sued under § 1983 for monetary relief and other forms of

7

relief. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).
Because Simmons could pursue monetary damages by suing Sheriff Trowbridge in either his individual or official capacity, the relief sought does not indicate in which capacity Simmons sued him.

Lastly, the Court considers the course of proceedings. In his Answer, Sheriff Trowbridge asserted that he "enjoys qualified immunity," Docket No. 25, at 2, which indicates that he perhaps thought that he had been sued in his individual capacity, since a government official sued in his official capacity cannot rely on qualified immunity. *See Thornhill v. Breazeale*, 88 F. Supp. 2d 647, 653 (S.D. Miss. 2000). However, in Sheriff Tucker's motion for summary judgment, he assumed that he had automatically been substituted as the Defendant because "the plaintiff has only sued Sheriff Trowbridge in his official capacity." Docket No. 26, at 1 n.1. In response, Simmons did not dispute Sheriff Tucker's assumption and instead proceeded to analyze the substance of his summary judgment motion. Docket No. 28; Docket No. 30. In fact, in the heading of her response to Sheriff Tucker's motion, rather than refer to Sheriff Trowbridge as the Defendant, Simmons named the Defendant as "Sheriff Randall C. Tucker." Docket No. 28, at 1. Simmons' acquiescence to Sheriff Tucker's substitution amounts to abandonment of any individual capacity claim she may have intended to make against Sheriff Trowbridge.[7] *See Dean v. One Life Am., Inc.*, No. 4:11-CV-203-CWR-LRA, 2013 WL 870352, at *2 (S.D. Miss.

---

[7] The Court acknowledges that as a pro se plaintiff, Simmons may not have appreciated the legal distinction between official capacity and individual capacity claims. However, it is satisfied that if Simmons intended to sue Sheriff Trowbridge individually, she could have objected to Sheriff Tucker replacing Sheriff Trowbridge as the Defendant in this action in her response to Sheriff Tucker's motion for summary judgment. She did not object to the substitution until after the Court made its initial ruling on the motion, and after Sheriff Tucker moved for reconsideration of the motion. *See* Docket No. 33. Simmons' late objection is insufficient to support a conclusion that she sued Sheriff Trowbridge in his individual capacity.

Mar. 7, 2013) (holding that by failing to address the defendant's argument in her response, the plaintiff abandoned her claim).

Because the substance of Simmons' claims and the course of proceedings indicate that Simmons sued Sheriff Trowbridge in his official capacity only, Sheriff Tucker has been properly substituted as the Defendant in this matter, and Sheriff Trowbridge is dismissed from this action.

*B.     Are Simmons' claims barred by the statute of limitations?*

"Congress has not provided a statute of limitations in § 1983 cases; therefore, federal courts borrow the forum state's general personal injury limitations period." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). In Mississippi, "the general three year statute of limitations of section 15-1-49 of the Mississippi Code applies to section 1983 claims." *Hubbard v. Miss. Conference of United Methodist Church*, 138 F. Supp. 2d 780, 781 (S.D. Miss. 2001) (citation omitted); *see* Miss. Code Ann. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").

Although Mississippi law provides the limitations period for a § 1983 claim, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under federal law, a claim accrues when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Nottingham v. Richardson*, 499 F. App'x 368, 375 (5th Cir. 2012) (unpublished) (quotation marks and footnote omitted).

Simmons filed her lawsuit on June 16, 2011. Because a three-year statute of limitations applies, only causes of action accruing on or after June 16, 2008, are actionable. Sheriff Tucker

9

argues that "[t]he only claim the plaintiff makes that accrued within three years before she filed her complaint is that there was mold and mildew in the shower in her cell during September 2008." Docket No. 26, at 2. Simmons does not dispute Sheriff Tucker's assertion; instead, she erroneously argues that a six-year statute of limitations applies. Docket No. 28, at 1. The Court, therefore, concludes that Simmons' sexual-orientation-based equal protection claim and her claims relating to exposure to mold and mildew in 2006 and 2007 are time-barred. However, her mold and mildew claim arising from September 2008 is timely.

Sheriff Tucker's motion for summary judgment does not address Simmons' allegations that the Detention Center did not properly dispense her medication, as those facts are not mentioned in the motion. Consequently, the Court's ruling does not address that issue.

Sheriff Tucker does, however, seek summary judgment on Simmons' claim that the Detention Center "provid[ed] undergarments that had already been used by other inmates." Docket No. 28, at 2. Simmons stated this allegation for the first time in her May 2012 response to Sheriff Tucker's motion, eleven months after filing her lawsuit, and more than six months after Sheriff Trowbridge had been served. The Court need not decide whether to grant Simmons leave to amend her Complaint to add this claim because Simmons has failed to adequately rebut Sheriff Tucker's assertion that these allegations are time-barred. Docket No. 29, at 1-2.[8] *See Wilson v. Veolia Environmental Servs. N. Am. Corp.*, No. 3:11-CV-91-CWR-LRA, 2012 WL 3886128, at *1 (S.D. Miss. Sept. 6, 2012) (stating that where plaintiff chose not to respond to defendant's arguments on motion for summary judgment, plaintiff's claims are deemed to have

---

[8] Simmons filed a response to Sheriff Tucker's rebuttal, Docket No. 30, but did not dispute Sheriff Tucker's assertion that her "undergarments claim" accrued more than three years before she filed her lawsuit.

been abandoned).

        C.       *Has Simmons sufficiently alleged an Eighth Amendment violation regarding her September 2008 exposure to mold and mildew?*

Under the United States Constitution, a state that detains an accused or imprisons a convicted individual is obligated to provide the essentials of the individual's well-being:

> When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs-*e.g.,* food, clothing, shelter, medical care, and reasonable safety-it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf.

*Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (brackets and citation omitted). Because Simmons' September 2008 incarceration at the Detention Center occurred after she pled guilty to being a felon in possession of a firearm, her claim arising from exposure to mildew and black mold from September 8 to 11, 2008, is analyzed according to the Eighth Amendment's prohibition of cruel and unusual punishment. *See id.* at 638-39.

Violations of the Eighth Amendment are comprised of an objective and a subjective component. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citation omitted). To satisfy the objective standard of a conditions-of-confinement claim, "extreme deprivations are required . . . ." *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (quotation marks and citation omitted). The prison condition in question must "be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (quotation marks and footnote omitted).

The subjective component involves determining "whether the prison official responsible was deliberately indifferent to inmate health or safety." *Id.* (quotation marks and footnote omitted). To establish deliberate indifference, an inmate must show "that the defendant officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn[,] (2) that they actually drew an inference that such potential for harm existed," *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (quotation marks and citation omitted), and (3) that the officials did not respond reasonably to the risk, *see Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994) ("[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.").

In the present case, Sheriff Tucker argues that "plaintiff cannot satisfy the objective component" because she cannot establish that the presence of mold and mildew in her cell's shower "violated contemporary standards of decency." Docket No. 27, at 4. He asserts that Simmons' exposure to black mold and mildew for only three days does not rise to the level of an Eighth Amendment violation.

When evaluating an alleged Eighth Amendment violation, "the length of confinement cannot be ignored . . . . A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978). For example, in *Davis v. Scott*, the Fifth Circuit considered whether a prisoner's three-day confinement in a cell that he described as "filthy" with "blood on the walls and excretion on the floors" was unconstitutional. 157 F.3d at 1004. The court concluded that the prisoner's claims did not rise to the level of an Eighth Amendment violation because he was confined in the cell

for only three days, and furthermore, "cleaning supplies were made available to [him], mitigating any intolerable conditions." *Id.* at 1006.

Similarly, in the present case, Simmons' alleged exposure to mildew and black mole during her three-day stay at the Detention Center does not rise to the level of objective unreasonableness. Even though extreme circumstances may exist in which an inmate's exposure to black mold and mildew might qualify as an Eighth Amendment violation, Simmons has not presented evidence to demonstrate a genuine dispute of material fact regarding whether the mere presence of black mold and mildew on a facility's shower walls for three days qualifies as a serious condition that violates contemporary standards of decency.[9]

Even if Simmons were able to satisfy the objective standard, she has not alleged facts or presented evidence to satisfy the subjective standard. She has not alleged that she or other inmates complained about or informed an official of the presence of mold and mildew, or that an official was made aware of the condition by some other means. Nor has Simmons alleged that an official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," *Tipps v. Leonard*, 328 F. App'x 302, 303 (5th Cir. 2009) (unpublished), and that he actually drew that inference, yet failed to take reasonable action. Instead, she admits in her Complaint that the black mold "was often over looked by the expecter [sic]," *and that she never reported the mold* because she "feared for [her] life." Docket No. 12, at 5. These allegations are insufficient to demonstrate deliberate indifference, and consequently, Simmons has failed to allege facts that would allow her to prevail on an Eighth Amendment condition-of-confinement claim. *See Tipps*, 328 F. App'x at 303 (holding that prisoner's complaint against

sheriff failed to state a claim on which relief could be granted because prisoner's allegation that a jail lieutenant knew about other prisoners' complaints of lead, asbestos, and mold at the jail did not "establish that [the sheriff] knew of and disregarded a substantial risk of serious harm").

## IV. CONCLUSION

For the foregoing reasons, Sheriff Tucker's motion for summary judgment is GRANTED. Simmons' claim related to the alleged denial of her medication remains.

**SO ORDERED**, this the 4th day of June, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[9] Although Simmons alleges that she has respiratory issues, she has not specifically alleged that the issues arose from her three-day stay at the Detention Center in September 2008.