IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TONYA L. SIMMONS                                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:11-CV-440-CWR-LRA

SHERIFF RANDALL C. TUCKER                                                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Randall C. Tucker's Motion for Summary

Judgment. Docket No. 39. Having reviewed the motions, the pleadings, memoranda and

arguments of the parties, and attachments submitted thereto, this Court is persuaded that

defendant's motion should be granted.

####     I.     Background

The facts of this case have been set forth in the Court's previous rulings on separate

motions of the Defendant. *Simmons v. Trowbridge*, No. 3:11-CV-440-CWR-LRA, 2013 WL

2458463 (S.D. Miss. June 4, 2013). Plaintiff originally alleged "a sexual orientation-based equal

protection claim, and claims for unconstitutional conditions of confinement against Toby

Trowbridge, then-Sheriff of Madison County, Mississippi, pursuant to 42 U.S.C. § 1983."[1] *Id.* at

*2. The Court has previously ruled on these claims, and they have been dismissed. *See* Docket

No. 38. The only remaining claim is Plaintiff's allegation that the Madison County Detention

Center (MCDC) did not properly dispense her high blood pressure medication, which was not

addressed in the Court's previous ruling because Defendant did not raise that issue in his motion.

*See Simmons* at *5.

---

[1]     After replacing Sheriff Trowbridge as Sherif of Madison County, Mississippi, Sheriff Tucker was later
substituted as the defendant in this case. *See id.* at *2.

In his motion for summary judgment, Defendant argues that if Plaintiff's failure to provide medical care claim accrued on or before June 16, 2008, it is time-barred under the provisions of Miss. Code Ann. § 15-1-49 (1990).[2] Docket No. 40, at 3; *see also Simmons* at \*3. According to Defendant, if Plaintiff argues that her claim occurred during her stay at the Madison County Detention Center (MCDC), then Plaintiff's claim should be dismissed because she "cannot show that any policy, practice or custom adopted at the MCDC during her three-day stay there in September 2008 exhibited a deliberate indifference to her serious medical needs." Docket No. 40, at 4 (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Defendant also contends that even if Plaintiff could prove that such a policy existed, Plaintiff has not suffered any substantial injury as a result of said policy. *Id.* at 5 (citing *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993)).

Plaintiff subsequently filed a response in which she incorrectly styled as a response to a previous order of the Court denying a motion for reconsideration. *See* Docket No. 44.  In this response, Plaintiff stated that Defendant continuously refused to provide her with high blood pressure medicine, which caused her to suffer headaches. *Id*. However, her brief suggests that the Defendant's alleged failure to provide medical care occurred some time during her first stay at MCDC, which, as Defendant correctly argues in his rebuttal, would be time-barred. *See* Docket Nos. 44 and 46. Defendant also correctly noted that Plaintiff's rebuttal had been untimely filed. Docket No. 46, at 1.

Plaintiff filed a second response, which implicitly states that her claim should not be time-barred, because it accrued during her second MCDC stay in September 2008. *See* Docket No. 47, at 2. Plaintiff also reiterated that she never received treatment for her high blood

---

[2]      Plaintiff's original complaint is unclear as to what time period her failure to provide medical care claim began to accrue.

pressure. *Id*. at 2-3. In rebuttal, Defendant maintains its previous arguments, while also stating that Plaintiff's response was untimely filed. Docket No. 48.

>        II.        *Legal Standard*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When confronted with these motions, the Court focuses on "genuine" disputes of "material" facts. A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit,* 806 F.2d 1294, 1297 (5th Cir.1987). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed.R.Civ.P. 56(c)(1)(A). The Court will "view the evidence and draw reasonable inferences in the light most favorable to the non-movant," *Maddox v. Townsend & Sons, Inc.,* 639 F.3d 214, 216 (5th Cir.2011) (citations omitted), but unsubstantiated assertions are not competent summary judgment evidence, *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994).

>        III.       *Discussion*

Reviewing the facts in the light most favorable to Plaintiff and assuming that Plaintiff's failure to provide medical care claim refers to her September 2008 stay at MCDC, Defendant did not act with deliberate indifference in meeting Plaintiff's medical needs.

Because Plaintiff was a convicted inmate at MCDC in September 2008, her claim is governed by the Eighth Amendment, which prohibits cruel and unusual punishment. *See Boston*

*v. Lafayette Cnty., Miss.*, 743 F. Supp. 462, 473 (N.D. Miss. 1990) (citing *Cupit v. Jones*, 835 F.2d 82, 84 (5th Cir. 1987)). "[A] prison official violate[s] the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (citation omitted). Thus, Plaintiff must show that Defendant knew of and disregarded an excessive risk to the Plaintiff's health or safety. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citation omitted). Deliberate indifference is more than mere negligence in failing to supply medical treatment. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citation omitted).

Defendant has provided evidence through an affidavit of the Head Nurse at MCDC, Dinah Hannah, detailing the procedures which were followed the day Plaintiff arrived on September 8, 2008. This evidence has not been disputed by Plaintiff.

According to Nurse Hannah, within 24 hours of being booked at MCDC, a nurse screened Plaintiff for medical issues. Docket No. 39-1, at 1. When asked if she had been treated for high blood pressure, Plaintiff replied, "yes." *Id.* at 3. However, Plaintiff could not give the nurse the name of the medication she took for her high blood pressure and therefore she did not receive any medication. *Id.* On September 9, 2008, Plaintiff's blood pressure was taken and it registered within normal limits. *Id.* As a result, she was scheduled to take a "history and physical" examination within 10 to 14 days. *Id.* The examination never took place because Plaintiff was transferred to another facility after just *three days* at MCDC. To prove deliberate indifference, Simmons must prove that the defendant "refused to treat [her], ignored [her] complaints, intentionally treated [her] incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

These actions do not reach the level of shocking neglect that supports a section 1983 claim for violation of the Eighth Amendment. On this record, there is no question that deliberate indifference cannot be shown. Accordingly, Defendant's motion is hereby GRANTED.

**SO ORDERED**, this the 11th day of March, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE